# IN THE UNITED STATE DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

FILED
FEB 2 4 2010
Feb 24 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**ANNIE BULLOCK**

PLAINTIFF

CASE:

V

10CV1235
JUDGE KENDALL
MAG. JUDGE NOLAN

**BAC HOME LOAN**
**a/k/a BANK OF AMERICA**
**WELLS FARGO**
Defendant(s)

## COMPLIANT

COMES NOW the plaintiff(s), Annie Bullock appearing Pro Se, and for a compliant against the defendant(s) above named, states, alleges, and avers as follows untrained in law, unfamiliar with the local rules, without assistance appropriate to this exercise

The plaintiffs Ms. Annie Bullock, an individual in the exercise of rights of due process of law and equal protection under the law pursuant to the 14th Article in Amendment to the Constitution untrained in law, unfamiliar with the local rules, without assistance appropriate to this exercise This suit is brought pursuant to the Fair Housing Act of 1968, as amended,42 U.S.C. §§ 3601 *et seq.*, to seek redress for the injuries caused by defendant(s) Bank of America and Wells Fargo The plaintiff seek injunctive relief and damages for the injuries caused by discrimination of my Human Right. That are the result of Bank of America unlawful, irresponsible, unfair, deceptive, and discriminatory lending practices.

### Fair Debt Collection Practice Act and Discrimination

Defendant(s) Bank of America filed foreclosure procedures on the plaintiff Annie Bullock prior to required 120-days of default. Pursuant to Code of Civil Procedure 735 ILCS 5/15-1601. Defendant Bank of America violated the Fair Debt Collection Practice Act, 15 U.S.C. §§ 1692c The Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692n ("FDCPA" or "Act"), under which this case arises, is premised on the congressional belief that "every individual, whether or not he owes the debt, has a right to be treated in a reasonable and civil manner,'" Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982), citing 123 Cong. Rec. 10241 (1977). The Act contemplates a dual scheme of private and public enforcement, in which Congress has assigned the principal public role to the FTC, 15 U.S.C. § 1692l(a).

FDCPA applies to third-party collection of obligations that arise out of consumer purchases of goods or services, or consumer loans. The FDCPA imposes various restraints upon the activities of third-party "debt collectors," see 15 U.S.C. §§ 1692b-i, 1692k, and defines

15 U.S.C. § 1692a(5). A "consumer" is "any natural person obligated or allegedly obligated to pay any debt," 15 U.S.C. § 1692a(3).

## SUMMARY

1. This case arises, when the plaintiff Annie Bullock refinance her home on November 7, 2006, locate in Cook County at 80 Yates Ave Calumet City Illinois 60409 property pin 29-01-422-031 Decision One Mortgage Company, LLC took a secure interest in this instrument as Document 0632105137 Recorded with Cook County Recorder of Deeds.
The plaintiff Ms. Bullock, was another victim of predatory lending by Decision One Mortgage Company, LLC, later transfer to Bank of America for servicing the plaintiff $260,000. At a recorded rate of 8.64% Conventional 30-year fix.

2. Ms. Bullock maintained her account until September 1, 2009 where she suffer a hardship, she contacted Bank of America to inform them that she no longer able to continue making payments under the current rate. After unsuccessful attempts Ms. Bullock, contacted

3. Sonya Davis a housing counselor with, The Real Fresh Start Corporation (herein and hereafter Fresh Start).) a independent housing counseling agency who is in business to help troubled homeowners to maintain their homes also to empower homeowners about homeownership and foreclosure prevention counseling to address skyrocketing rates of foreclosure against low-moderate income homeowners in Cook County. Fresh Start foreclosure prevention project has led advocacy efforts throughout Cook County to stop abusive mortgage lending practice by subprime lending companies, and has represented and advised numerous borrowers at risk of foreclosure. As a result of this work, Fresh Start has detailed knowledge of the array predatory lending practice perpetrated by lenders. Fresh Start

working toward their HUD approve status.

4. Upon reviewing Ms. Bullock account On December 7, 2009 Fresh Start requested by certified mail a validation of debt under Fair Debt Collection Practice Act (FDCPA) 15 U.S.C. § 1692g on behalf of the Plaintiff Ms. Bullock.

Defendant Bank of America as to has not responded to that request.

This violate 15 U.S.C. § 1692g Sparkman v. Zwicker & Associates, P. C. 374 F. Supp. 2d 293 (E.D.N.Y.2005) (Summary judgment was granted for the consumer for violation of 15 U.S.C. § 1692g(a)

5. Defendant Bank of America filed foreclosure procedure while validation of debt was/is Pending, this violates FDCPA 15 U.S.C.§ 1692g (b) {if the consumer disputes the debt, the collector must cease further collection efforts until the validation procedure is completed.}

6. On December 2009 plaintiff was denied a loan modification due to excesses debt expenses Representative from Defendant Bank of America inform Ms. Davis that Ms. Bullock was 6 months in default, plaintiff claims that she was only 3 months in default and according the foreclosure summon plaintiff was only 4 months in default prior to the filing.

7. On or before January 6, 2010 a white male, approached Plaintiff property located at 80 Yates Ave in Calumet City he rang all the tenants bells until someone answered at that point he Represented himself as an employee of Bank of America. After, he realized that the building was all African-American, he begin stating that Bank of America now owns the building. And that everyone had to move and no one had to pay any more rent to Annie Bullock.

8. Because she lost the property to foreclosure. Not one time did he ever give his name when asked he only responded by saying that he was a representative from Bank of America.

9. One tenant Mrs. Linda Nelson a senior whom resigns on the property, once she realized what was taking place she immediately approached the gentleman, and asked for some kind of documents to prove that he had the right address. she also inform him that Ms. Bullock

would have informed the tenants that she no longer owned the building.

10. The gentleman then took out the documents from his red truck and exposed the identity of Ms. Bullock which violates her privacy rights and that defendant Bank of America involved a third party who is not an attorney.

11. Which violate the Fair Debt Collection Practice Act, section 1692c provides debtors the "extremely important protection" of prohibiting debt collectors from contacting third-parties, including a debtor's employer, relatives (other than the debtor's spouse), friends or neighbors, for any purpose other than obtaining "location information." As stated by the Senate, such contacts are not legitimate collection practices and result in serious invasions of privacy, as well as loss of job. Debt collectors cannot communicate a consumer's personal affairs to third persons. Contacts with the consumer's relatives, other than the spouse, violate the FDCPA West v. Costen, supra, 558 F. Supp. 564 (W.D. Va.1983).

12. Mrs. Linda Nelson explained to this person, that her husband and herself had no where to go, And What rights did they had. He also inform her that his job was to lockout the building a that she or the other tenants not to speak to Ms. Bullock and took several pictures after Which time he left the premises. Gearing also holds that misrepresentations are actionable regardless of intent.

13. The debt collector may not communicate with someone other than the consumer except to Obtain location information. 15 U.S.C.§ 1692b. In doing so the debt collector must identify himself but not discuss the debt. This person never identified himself to the residents except as being an employee of Bank of America.

14. After Mrs. Linda Nelson returned back into the building, another tenant Ms. Mary Bullock Was in sock and very upset about what had just happen, she also explained to Mrs. Nelson that she didn't know exactly who it was that let him in. Mrs. Nelson that same day called legal aid to Ask, what is the steps that she need to take in order to keep from being evicted, because her

share information. You should also be familiar with the "need to know" policy for material, nonpublic information and certain other confidential information related to our corporation customers.

Bank of America preservation Department whom has contracted independent contractors'

Who, perform these type of services on behalf the Bank of America should be in compliance

With the same type of rules.

18. Finally, Plaintiff seek injunctive relief to prevent recurrence of the challenged conduct, on

Behalf on her tenants and herself. Plus any punitive damages To assure uniform

standards of future servicing of loans and equitable relief and damages for themselves,

including restitution and disgorgement of funds obtained by the defendants in violation of

state and federal laws.

## JURISDICTION AND VENUS

19. This Court has jurisdiction over plaintiffs federal claims under RESPA, FDCPA and TILA

pursuant 28 U.S.C.§§ 1331, 1343 and 15 U.S.C. §§ 1692k,2614,1640(e). The Court has

20. Jurisdiction over plaintiffs state law claims pursuant to 28 U.S.C.§ 1367.

21. Venue is proper in this Court pursuant to 28 U.S.C.§ 1391(b).

22. Fair Debt Collection Practice Act 15 U.S.C..§ 1692g

## THE PARTIES

## PLIANTIFFS

23. Annie Bullock a resident of Flossmoor, Illinois whom rental property -secured loan

was service by Defandents Bank of America a/k/a Countrywide Home Loans

## DEFENDANTS

24. BAC Home Loans BAC Home Loans Servicing, LP 100 Beecham Drive Suite 104 Pittsburgh, PA 15205

25. Bank of America

## VIOLATIONS

26. Truth In Lending Act 15 U.S.C. .§ 1639, interest rates disclosure

27. Federal Home Ownership and Equity Protection Act (HOEPA) 15 U.S.C..§ 1639

28. Consumer Fraud and Deceptive Business Practice Act 815A ILCSA 505/2E

29. Fair Debt Collection Practice Act 15 U.S.C. .§ 1692k

30. Civil Code Of Procedure 735 ILCS 5/15-1602 Misleading and Deceptive as well as unfair

31. Due process of law and equal protection under the law pursuant to 14th Amendment Article in Amendment to the Constitution untrained in law.

32. Illinois Human Rights Act 775 ILCS 5/3-102

33. Fair Housing Act and National Housing Act (NHA) 12 U.S.C. 171U, 12 U.S.C. 1735f-14 (a) (2) and 12 U.S.C. 1735f-14 (b) (1).

## PRAYER FOR RELIEF

34. Wherefore, Plaintiffs request that this court certify a class pursuant to Fed.R. Civ P. 239(b)(1), (2) and /or (3) and award:

1. Actual, special, and general damages according to proof;
2. Statutory damages and penalties;
3. Restitution and disgorgement according to proof;
4. Injunctive relief against Defendants to ensure uniform standards of servicing conduct and to prevent future wrongful conduct;
5. Prejudgment interest at the maximum legal rate;
6. Punitive, exemplary and enhanced damages according to proof;
7. An accounting;
8. Declaratory Judgment to correct the wrong inflict;
9. Litigation Expenses and Costs of proceeding herein;
10. All such other and further relief as the Court deems just.

Annie Bullock appearing Pro Se
2934 Monterey Drive
Flossmoor, IL 60422
708-307-6840 home

*[Signature]* 02-24-10

February 12, 2010

To Whom It May Concern,

On 01-06-10 I, Mary Bullock was standing inside the apartment of Ms Linda Nelson when someone rang her doorbell. It was a white male, medium built gentleman stating that he was a Representive from Bank America here to change the locks on the doors outside, in the building of 80 Yates Ave., Calumet City, Il. He stated that his reason was that this building was under foreclosure. Then Ms Nelson asked what does this mean to her as a tenant, and he stated that if she was paying rent to the Landlord it would be to her best interest to stop and start looking for other housing. He stated that someone from Bank America will be getting in touch with her soon.

The next day I was getting out to take care of some business and two of the tenants from the 1st and 2nd floor stop me and ask me if I new I will have to move. They stated that they were told by a Representive from Bank America that anyone paying rent to the Landlord need to stop, because this building is under foreclosure.

That's when I realize this was a serious matter, and I contact my Landlord.

Subscribed and sworn to before me

this 16 day of February 2010
at Dolton, County of Cook, State of Illinois.

Notary Public [signature]

Mary Bullock
Apt B-5

"OFFICIAL SEAL"
CAROLYN M. ESTES
Notary Public, State of Illinois
My Commission Expires March 24, 2012

1-12-10

ON 1-6-10 Someone Runged my Doorbell steting that he was a Representive for bank America he stated he came out to change locks on doors, he stated that this building 80 Yates, Calumet City, IL was in foreclosure, I asked what did that mean for (one) as a tenant he stated he should not continue to pay rent and I should start to look for housing, he said someone from Bank America would be getting in touch with us. I was so shocked, upset I close my door and I thought maybe he has the wrong address, I ran downstairs he was sitting in a Red pickup Truck across the street, I called out to him and ask him to come over at which time I ask what was the name he had for the building owner, he went back to his truck got a letter with the name Ann Bullock, I looked at the letter on top I could see the name Ann Bullock and the date on the letter was 12-28-09 and I asked the question could I be evicted he said sometime you can have Anywhere from 2 weeks top at the time he first entered the building my neighbor on 2 floor was also present

"OFFICIAL SEAL"
NORMA HEREDIA
Notary Public, State of Illinois
My Commission Expires July 22, 2013

January 13 2009

Linda J Nelson


# THE REAL FRESH START CORPORATION

926 West 174th Street
Unit 1
East Hazel Crest
Phone (773) 676-5069
Therealfreshfoundation@yahoo.com

December 7, 2009

Bank of America
P.O. Box 5170
Simi Valley, CA 93062-5170

Name: Annie Bullock
Property Address: 80 Yates Ave
City: Calumet City, IL 60409
Account: 073960346

S,S. xxx-xx-7671

### AFFIDAVIT

Re: Request for Validation of Debt

Dear Sir or Madam:

This is a validation of debt request, we are asking for this paperwork to be fill out by your company. My hope is to make the proper determination as to our course of action to resolve the concerns of my client Ms. Bullock mortgage debt.

Please fill out completely and return to Sonya Davis/ housing counselor, the required information. We will follow-up on this issue promptly. Be sure to have the affidavit notarized signed and dated. I hope that I/we will be dealing with one person and not shuffled around to different representatives.

I need to show that I have corresponded with Bank of America Affidavit will be sufficient proof.
In order to continue quickly once you complete the documents and then send the notarized and dated originals by mail to:

**THE REAL FRESH START CORPORATION**
**926 WEST 174TH UNIT 1**
**EAST HAZEL CREST, IL 60429**

## Section 3: Confidentiality and Information Security

"The true measure of our success extends well beyond financial results. We enjoy our greatest success when we are good stewards for our customers and good neighbors in our communities."

—Joe Price, Chief Financial Officer, on winning

You must keep the following information confidential and secure:

- Customer information— You may access customer information only for business purposes and must protect the confidentiality and security of that information at all times. You should be familiar with Bank of America's Privacy Policy for Consumers, which details our commitment and ability to protect consumers' personal information and circumstances in which you may share information. You should also be familiar with the "need to know" policy for material, nonpublic information and certain other confidential information related to our corporate customers.
- Bank of America information—You must keep confidential and secure any nonpublic information about Bank of America. Such information you have about Bank of America activities and plans should only be shared within the corporation with other associates who "need to know" the information to perform their duties. Consult your manager if you have questions about sharing information about Bank of America on a "need to know" basis.
- Associate information—You must keep confidential and secure any information you have about other Bank of America associates. The Associate Privacy Policy outlines responsibilities for associates, managers and service providers when requesting, using, transmitting and disposing of associate information.
- Supplier Information—You must keep confidential and secure any information you have about the corporation's purchase of products or services. Sharing this information with the wrong source could provide an improper advantage to the supplier or its competitors and violate agreements Bank of America has with suppliers. In some instances, it also might violate the "need to know" policy for material, nonpublic information.

> **Why is information security a top Bank of America priority?**
>
> "What we all want from a financial partner or an employer is the freedom to manage our financial lives and careers with peace of mind, confidence and trust. Building and maintaining that trust through the careful management and stewardship of information is our first responsibility to our customers, our associates and to one another."
>
> —Ken Lewis

---

If you have any questions regarding the Code of Ethics, or to report concerns or complaints regarding ethical issues, go to "Section 1: Governance and Administration" in this document.

# NOTE

Loan Number 2070061038556

<u>NOVEMBER 7</u>, 2006      <u>Tinley Park</u>, <u>ILLINOIS</u>
[Date]                   [City]        [State]

<u>80 YATES AVE, Calumet City, ILLINOIS 60409</u>
[Property Address]

True & Certified Copy

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $260,000.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is Decision One Mortgage Company, LLC. I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 8.64%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

### 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the 1ST day of each month beginning on JANUARY 1, 2007. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on DECEMBER 1, 2036, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 3023 HSBC Way, Fort Mill, South Carolina 29715 or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $2,025.03.

### 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

### 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

### 6. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of FIFTEEN calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.0 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3200 1/01
(page 1 of 2 pages)

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of ●sts and expenses in enforcing this Note to ●xtent not prohibited by applicable law. Those expenses include, for exa●●, reasonable attorneys' fees.

7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ _Annie Bullock_ _____(Seal)
ANNIE BULLOCK                                   -Borrower

_____(Seal)
                                                -Borrower

_____(Seal)
                                                -Borrower

[Sign Original Only]

PAY TO THE ORDER OF

WITHOUT RECOURSE

DECISION ONE MORTGAGE COMPANY, LLC
BY: _Deidre Theyken_                  Deidre Theyken
                                      Asst. Secretary

MULTISTATE FIXED RATE NOTE–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT   Form 3200 1/01
(page 2 of 2 pages)

True & Certified Copy

Above space for Recorder's Use Only

## ASSIGNMENT OF MORTGAGE

KNOW ALL MEN BY THESE PRESENTS, that Mortgage Electronic Registration Systems, Inc. a Corporation organized and existing under and by virtue of the laws of the State of Delaware, party of the first part, for and in consideration of the sum of TEN DOLLARS and other good and valuable consideration, the receipt whereof is hereby acknowledged granted, assigned and transferred to Wells Fargo Bank, National Association, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2007-HE4 Mortgage Pass-Through Certificates, Series 2007-HE4 all interests in and under that certain Mortgage dated 11/7/2006 executed by

Annie Bullock

Grantor(s), to Mortgage Electronic Registration Systems, Inc. as Nominee for Decision One Mortgage Company, LLC. Said Mortgage was recorded/registered with the recorder/registrar for Cook County, Illinois on 11/17/2006 as Document Number 0632105137 and which Mortgage covers the following described property, to-wit:

LOT 126 AND THE NORTH 10 FEET OF LOT 127 IN M.M. DOWN'S ADDITION TO CALUMET CITY, A SUBDIVISION OF PART OF THE WEST 1/2 OF THE SOUTHEAST 1/4 OF SECTION 1, TOWNSHIP 36 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Commonly known as:   80 Yates Avenue
                    Calumet City, IL 60409

PIN 29-01-422-031

Cook County #21762

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CHANCERY DIVISION

| | |
|---|---|
| Wells Fargo Bank, National Association, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2007-HE4 Mortgage Pass-Through Certificates, Series 2007-HE4 **PLAINTIFF** | No. 09CH51117 |
| Vs. | |
| Annie Bullock; Unknown Owners and Nonrecord Claimants **DEFENDANTS** | |

## COMPLAINT TO FORECLOSE MORTGAGE

NOW COMES the Plaintiff, WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL I INC. TRUST 2007-HE4 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HE4, by and through its attorneys, CODILIS & ASSOCIATES, P.C., complaining of the defendants herein and, pursuant to 735 ILCS 5/15-1101, states as follows:

1. Plaintiff files this Complaint to Foreclose the mortgage, trust deed or other conveyance in the nature of a mortgage (hereinafter called "Mortgage") hereinafter described, and names the persons identified in the above caption as "Defendants", as parties hereto.

2. Attached as "EXHIBIT A" is a copy of the Mortgage. Attached as "EXHIBIT B" is a copy of the Note. Attached as "EXHIBIT C" is a copy of the Assignment.

3. Information concerning said Mortgage:

   (A) Nature of the instrument: Mortgage.

   (B) Date of the Mortgage: 11/7/2006

   (C) Name of mortgagor(s):

   Annie Bullock

   (D) Name of the mortgagee:

   Mortgage Electronic Registration Systems, Inc. as Nominee for Decision One Mortgage Company, LLC

   (E) Date and Place of Recording or Registering:

   11/17/2006
   Office of the Recorder of Deeds of Cook County Illinois

(F) Identification of Recording: Document No. 0632105137

(G) Interest subject to the mortgage: Fee Simple.

(H) Amount of original indebtedness:

    (1) Original Indebtedness: $260,000.00

(I) Both the legal description of the mortgaged real estate and the common address or other information sufficient to identify it with reasonable certainty:

LOT 126 AND THE NORTH 10 FEET OF LOT 127 IN M.M. DOWN'S ADDITION TO CALUMET CITY, A SUBDIVISION OF PART OF THE WEST 1/2 OF THE SOUTHEAST 1/4 OF SECTION 1, TOWNSHIP 36 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

**COMMONLY KNOWN AS:**     80 Yates Avenue
    Calumet City, IL 60409

**TAX PARCEL NUMBER:** 29-01-422-031

(J) Statement as to defaults: Mortgagors have not paid the monthly installments of principal, taxes, interest and insurance for 08/01/2009, through the present; the principal balance due on the Note and the Mortgage is $254,706.20, plus interest, costs, advances and fees. Interest accrues pursuant to the note.

(K) Name of present owner(s) of said premises:
    Annie Bullock

(L) Names of other persons who are joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated and alleged to be subordinate and inferior to the mortgage of the Plaintiff:

(M) Names of persons who executed the Note, Assumption Agreement(s), or Personal Guarantee:
    Annie Bullock
Please note that no personal deficiency will be sought against any party who has received a Chapter 7 discharge or who are personally protected by the automatic stay at sale confirmation.

(N) Capacity in which Plaintiff brings this foreclosure: Plaintiff is the Mortgagee under 735 ILCS 5/15-1208.

(O) Facts in support of a redemption period shorter than the longer of 7 months from the date the mortgagor or, if more than one, all the mortgagors have been served with summons

together with note or notes therein described or referred to, the money due and to become due thereon, with interest, and all rights accrued or to accrue under said Mortgage.

IN WITNESS WHEREOF, said party of the first part has caused this instrument to be signed by its Authorized Signator this December 10, 2009.

Mortgage Electronic Registration Systems, Inc.

BY: _____

Authorized Signator Berton J. Maley

STATE OF Illinois  
COUNTY OF DuPage } SS

I, Amanda J. Augustynowicz , the undersigned Notary Public, do hereby certify that - Berton J. Maley who is personally known to me and acknowledged said instrument to be executed by him/her.

GIVEN under my hand and Seal this 10 day of December, 2009.

_____  
Notary Public (SEAL)

Prepared by and mail to:  
Codilis & Associates, P.C.  
15W030 North Frontage Road, Suite 100  
Burr Ridge, IL 60527  
(630) 794-5300  
14-09-39896  
BOX 70  
DOCUMENT CONTROL DEPT.

OFFICIAL SEAL  
AMANDA J AUGUSTYNOWICZ  
NOTARY PUBLIC - STATE OF ILLINOIS  
MY COMMISSION EXPIRES:05/11/13

After Recording Return To:

Decision One Mortgage Company, LLC
3023 HSBC Way
Fort Mill, South Carolina 29715

This Instrument was prepared by:

1 EAST 22ND STREET, SUITE 200
LOMBARD, ILLINOIS 60148

Doc#: 0632105137 Fee: $52.00
Eugene "Gene" Moore RHSP Fee:$10.00
Cook County Recorder of Deeds
Date: 11/17/2006 11:29 AM Pg: 1 of 15

505704 1067

STEWART TITLE OF ILLINOIS
2 N. Lasalle Street
Suite 625
Chicago, IL 60602
312-849-4243

[Space Above This Line For Recording Data]

Loan Number 2070061038556
MIN: 100077960000297920

# MORTGAGE

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated NOVEMBER 7, 2006, together with all Riders to this document.
(B) "Borrower" is ANNIE BULLOCK, A MARRIED WOMAN. Borrower is the mortgagor under this Security Instrument.
(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
(D) "Lender" is Decision One Mortgage Company, LLC. Lender is a LIMITED LIABILITY COMPANY organized and existing under the laws of NORTH CAROLINA. Lender's address is 3023 HSBC WAY, FORT MILL, SOUTH CAROLINA 29715.
(E) "Note" means the promissory note signed by Borrower and dated NOVEMBER 7, 2006. The Note states that Borrower owes Lender TWO HUNDRED SIXTY THOUSAND AND 00/100ths Dollars (U.S. $260,000.00) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than DECEMBER 1, 2036.
(F) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
(H) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider           ☐ Condominium Rider                    ☐ Second Home Rider
☐ Balloon Rider                   ☐ Planned Unit Development Rider       ☐ Other(s) [specify]
☒ 1-4 Family Rider                ☐ Biweekly Payment Rider

ILLINOIS—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                  Form 3014 1/01 (page 1 of 11 pages)

(I) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(J) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(K) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(L) "Escrow Items" means those items that are described in Section 3.

(M) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(N) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(O) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(P) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS the following described property located in the ____County____ of ____COOK____:
[Type of Recording Jurisdiction]    [Name of Recording Jurisdiction]

SEE ATTACHED SCHEDULE "A"

29014220310000

which currently has the address of __80 YATES AVE__
[Street]

Calumet City_____, Illinois ___60409___ ("Property Address"):
[City]                    [Zip Code]

ILLINOIS--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT         Form 3014  1/01  (page 2 of 11 pages)