# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1235 | **DATE** | 3/18/2010 |
| **CASE TITLE** | colspan="3" | BULLOCK vs. BAC HOME LOANS   et al |

**DOCKET ENTRY TEXT**

Plaintiff's motion to stay has not yet been noticed for hearing, and is accordingly stricken for failure to comply with the Local Rule 5.3(b).  Plaintiff is again advised that compliance with the service requirements of Federal Rule of Civil Procedure 4(m) is required

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

Plaintiff Annie Bullock ("Bullock") filed a pro se complaint alleging violations of the Fair Housing Act, the Fair Debt Collection Practices Act, and a variety of other federal and state statutes with respect to Defendants Bank of America and BAC Home Loans Servicing (collectively "Defendants").  It appears from the Complaint that Defendants have initiated foreclosure proceedings on a property owned by Bullock and rented to one or more tenants.

    Bullock moves the Court to "grant a stay from continuing her payments" on the mortgage of the leased property during the Court's consideration of the case.  The Motion was filed on February 24, 2010.  No notice of motion was filed at that time.  On March 9, 2010, the Court entered an order advising Bullock that all motions must be noticed for hearing pursuant to Local Rule 5.3(b).  The Motion to Stay has not yet been noticed for hearing, and is accordingly stricken for failure to comply
with the Local Rules.

    Bullock is also reminded that Local Rule 5.5(b) requires all documents filed to be accompanied by a certificate of service indicating compliance with the service requirements of Federal Rule of Civil Procedure 5(a). Rule 5(a) mandates that every party to a case must receive service of all written motions, except those filed *ex parte*. *See Glick v. Koenig*, 766 F.2d 265 (7th Cir. 1985).  A district court may dismiss a motion where the moving party has failed to effect proper service. *Tarkowski v. Robert Barlett Realty*, 23 F.3d 410 (7th Cir. 1994).  Thus, even had the Court not stricken the Motion to Stay for failure to notice it for hearing, it would dismissed the Motion for failure to comply with Rule 5(a).

    Finally, Bullock has not yet served Defendants in this case with , which was filed on February 24, 2010.  As noted in the Court's March 9, 2010 order, Bullock is advised that compliance with the service requirements of Federal Rule of Civil Procedure 4(m) is required.