UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANNIE BULLOCK,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BAC HOME LOAN a/k/a BANK OF<br>AMERICA, WELLS FARGO<br><br>　　　　　Defendants. | Civil Action No. 10-cv-1235<br><br><br>Hon. Virginia M. Kendall |

### DEFENDANT BAC HOME LOANS SERVICING, L.P.'S ANSWER
### AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S "COMPLAINT"

Defendant BAC Home Loans Servicing L.P. ("BAC")[1] (collectively, "BAC" or "Defendant") hereby answers the "Complaint" ("Complaint") filed by plaintiff Annie Bullock ("Bullock" or "Plaintiff").  This Answer is made without waiving, but expressly reserving, all rights that BAC has to file dispositive motions or other responses addressed to some or all of the allegations and claims asserted in the Complaint.  Except as expressly admitted herein, all allegations in the Complaint are denied.

### "COMPLIANT [sic]"

COMES NOW the plaintiff(s) [sic] Annie Bullock appearing Pro Se, and for a compliant [sic] against the defendants(s) above named, states, alleges and avers as follows untrained in law, unfamiliar with the local rules, without assistance appropriate to this exercise.

### ANSWER

The allegations contained in the first unnumbered paragraph of the Complaint are introductory and conclusory in nature, and therefore require no response.  To the extent a response is required, BAC admits only that Plaintiff purports to bring this action as alleged.

---

[1]　BAC is misnamed in the caption of this lawsuit as "BAC Home Loan a/k/a Bank of America."

Further answering, BAC specifically denies any violation of state or federal law, deny that

Plaintiff is entitled to any relief, and deny that Plaintiff has been damaged.  Except as expressly

admitted herein, BAC denies all allegations in the first unnumbered paragraph of the Complaint.


The plaintiffs [sic] Ms. Annie Bullock, an individual in the exercise of rights of due process of
law and equal protection under the law pursuant to the 14th Article in Amendment to the
Constitution untrained in law, unfamiliar with the local rules, without assistance appropriate to
this exercise[.][sic]  This suit is brought pursuant to the Fair Housing Act of 1968, as amended,
42 U.S.C. §§ 3601 *et seq.*, to seek redress for the injuries caused by defendant(s) Bank of
America and Wells Fargo.  The plaintiff seek [sic] injunctive relief and damages for the injuries
caused by discrimination of my Human Right.  That [sic] are the result of Bank of America [sic]
unlawful, irresponsible, unfair, deceptive, and discriminatory lending practices.

## **ANSWER**

The allegations contained in the second unnumbered paragraph of the Complaint state

conclusions of law and are introductory and conclusory in nature, and therefore require no

response.  To the extent a response is required, BAC admits only that Plaintiff purports to bring

this action as alleged.  Further answering, BAC specifically denies any violation of state or

federal law, deny that Plaintiff is entitled to any relief, and deny that Plaintiff has been damaged.

Except as expressly admitted herein, BAC denies all allegations in the second unnumbered

paragraph of the Complaint.


### **"Fair Debt Collection Practices Act and Discrimination"**

Defendant(s) [sic] Bank of America filed foreclosure procedures on the plaintiff Annie Bullock
prior to the required 120-days [sic] of default.  Pursuant to Code of Civil Procedure 735 ILCS
5/15-1601.  Defendant Bank of America violated the Fair Debt Collection Practices Act, 15
U.S.C. §§ 1692c[.][sic]  The Fair Debt Collection Practices Act 15 U.S.C. §§ 1692-1692n
("FDCPA" or "Act"), under which this case arises, is premised on the congressional belief that
"every individual whether or not he owes the debt, has a right to be treated in a reasonable and
civil manner."  Baker v. G.C. Services, Corp., 677 F.2d 775, 777 (9th Cir. 1982), citing 123
Cong. Rec. 10241 (1977).  The Act contemplates a dual scheme of private and public
enforcement, in which Congress has assigned the principal public role to the FTC, 15 U.S.C. §

1692l(a).

## **ANSWER**

The allegations contained in the third unnumbered paragraph of the Complaint state conclusions of law and are introductory and conclusory in nature, and therefore require no response.  To the extent a response is required, BAC admits only that Plaintiff purports to bring this action as alleged.  Further answering, BAC specifically denies any violation of state or federal law, deny that Plaintiff is entitled to any relief, and deny that Plaintiff has been damaged.  BAC further states that the Federal Debt Collection Practices Act ("FDCPA") speaks for itself and is the best evidence of its terms.  Except as expressly admitted herein, BAC denies all allegations in the third unnumbered paragraph of the Complaint.


FDCPA applies to third-party collection of obligations that arise out of consumer purchases of goods or services, or consumer loans.  The FDCPA imposes various restraints upon the activities of third-party "debt collectors," see 15 U.S.C. §§ 1692b-i, 1692k, and defines [sic].

## **ANSWER**

The allegations contained in the fourth unnumbered paragraph of the Complaint state conclusions of law and are introductory and conclusory in nature, and therefore require no response.  To the extent a response is required, BAC admits only that Plaintiff purports to bring this action as alleged.  Further answering, BAC specifically denies any violation of state or federal law, deny that Plaintiff is entitled to any relief, and deny that Plaintiff has been damaged.  BAC further states that the FDCPA speaks for itself and is the best evidence of its terms.  Except as expressly admitted herein, BAC denies all allegations in the fourth unnumbered paragraph of the Complaint.


15 U.S.C. § 1692(a)(5).  [sic]  A "consumer" is "any natural person obligated or allegedly obligated to pay any debt."  15 U.S.C. § 1692(a)(3).

**ANSWER**

The allegations contained in the fifth unnumbered paragraph of the Complaint state conclusions of law and are introductory and conclusory in nature, and therefore require no response. To the extent a response is required, BAC admits only that Plaintiff purports to bring this action as alleged. Further answering, BAC specifically denies any violation of state or federal law, deny that Plaintiff is entitled to any relief, and deny that Plaintiff has been damaged. BAC further states that the FDCPA speaks for itself and is the best evidence of its terms. Except as expressly admitted herein, BAC denies all allegations in the fifth unnumbered paragraph of the Complaint.

## "SUMMARY"

1.      This case arises, when the plaintiff Annie Bullock refinance [sic] her home on November 7, 2006, locate [sic] in Cook County at 80 Yates Avenue, Calumet City, Illinois 60409 property pin 29-01-422-031. Decision One Mortgage Company, LLC took a secure [sic] interest in this instrument as Document 0632105137 Recorded [sic] with the Cook County Recorder of Deeds. The plaintiff was another victim of predatory lending by Decision One Mortgage Company, LLC later transfer [sic] to Bank of America for servicing the plaintiff $260,000 [sic]. At [sic] a recorded rate of 8.64% Conventional 30-year fix [sic].

**ANSWER**

With respect to the allegations contained in Paragraph 1, BAC states only, upon information and belief, that Plaintiff obtained a mortgage loan in the amount of $260,000 ("Loan") from Decision One Mortgage Company, LLC ("Decision One"), secured by property located at 80 Yates Avenue, Calumet City, Illinois ("Property") on or about November 7, 2006. The note and mortgage instrument speak for themselves and are the best evidence of their

contents.  Further answering, BAC states only that it currently holds the servicing rights for the

Loan.  The remaining allegations in Paragraph 1 are vague, ambiguous and imprecise.  BAC

cannot, therefore, admit or deny them, and so denies them.


    2.     Ms. Bullock maintained her account until September 1, 2009 where she suffer

[sic] a hardship.  She contacted Bank of America to inform them that she no longer able [sic] to

continue making payment under the current rate.  After unsuccessful attempts Ms. Bullock,

contacted [sic].

**<u>ANSWER</u>**

    BAC denies the allegations contained in the first sentence of Paragraph 2.  The remaining

allegations in the second and third sentences of Paragraph 2 are vague, ambiguous and imprecise.

BAC cannot, therefore, admit or deny them, and so denies them.


    3.     Sonya Davis is a housing counselor with, The Real Fresh Start Corporation

(herein and hereafter Fresh Start).) [sic] a [sic] independent housing counseling agency who is in

business to help troubled homeowners to maintain their homes also to empower homeowners

about homeownership and foreclosure prevention counseling [sic] to address skyrocketing rates

of foreclosure against low-moderate homeowners in Cook County.  Fresh Start foreclosure

prevention project [sic] has led advocacy efforts throughout Cook County to stop abusive

mortgage practice [sic] by subprime lending companies and has represented and advised

numerous borrowers at risk of foreclosure.  As a result of this work, Fresh Start has detailed

knowledge of the array [sic] predatory lending practice perpetrated by lenders.  Fresh Start

working [sic] toward their HUD approve [sic] status.

**ANSWER**

BAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and therefore, denies them.  Further answering, BAC specifically denies any violation of state or federal law, deny that Plaintiff is entitled to any relief, and deny that Plaintiff has been damaged.

4.      Upon reviewing Ms. Bullock account [sic], on December 7, 2009 Fresh Start requested by certified mail a validation of debt under Fair Debt Collection Practice Act (FDCPA) 15 U.S.C. § 1692g on behalf of the Plaintiff Ms. Bullock.  Defendant Bank of America as [sic] not responded to that request.  This violate [sic] 15 U.S.C. § 1692g.  Sparkman v. Zwicker & Associates, P.C., 374 F. Supp. 2d 293 (E.D.N.Y. 2005) (Summary judgment was granted for the consumer for violation of 15 U.S.C. § 1692g(a) [sic].

**ANSWER**

The allegations contained in Paragraph 4 state conclusions of law and therefore require no response.  To the extent a response is required, BAC states only that the December 7, 2009 letter referenced in Paragraph 4 and attached to the Complaint speaks for itself and is the best evidence of its contents.  Except as expressly admitted herein, BAC denies the remaining allegations contained in Paragraph 4.  Further answering, BAC specifically denies any violation of the FDCPA, deny that Plaintiff is entitled to any relief, and deny that Plaintiff has been damaged.

5.      Defendant Bank of America filed foreclosure procedure [sic] while validation of debt was/is Pending [sic], this violates FDCPA 15 U.S.C. § 1692g(b) {if the consumer disputes the debt, the collector must cease further collection efforts until the validation procedure is completed.}

**ANSWER**

The allegations contained in Paragraph 5 state conclusions of law and therefore require no response.  To the extent a response is required, BAC states only that the foreclosure complaint referenced in Paragraph 5 and attached to the Complaint speaks for itself and is the best evidence of its contents.  Except as expressly admitted herein, BAC denies the remaining allegations contained in Paragraph 5.  Further answering, BAC specifically denies any violation of the Federal Debt Collection Practices Act ("FDCPA"), deny that Plaintiff is entitled to any relief, and deny that Plaintiff has been damaged.

6.      On December [sic] 2009 plaintiff was denied a loan modification due to excesses [sic] debt expenses[.] [sic]  Representative from Defendant Bank of America inform [sic] Ms. Davis that Ms. Bullock was 6 months in default, plaintiff claims that she was only 3 months in default, and according [sic] the foreclosure summon plaintiff was only 4 months in default prior to the filing.

**ANSWER**

The allegations in Paragraph 6 are vague, ambiguous and imprecise.  BAC cannot, therefore, admit or deny them, and so denies them.

7.      On or before January 6, 2010 a white male, [sic] approached Plaintiff property

[sic] located at 80 Yates Ave in Calumet City [sic] he rang all the tenants bells until someone

answered [sic] at that point he Represented [sic] himself as an employee of Bank of America.

After, [sic] he realized that the building was all African-American, he began stating that Bank of

America now owns the building.  And [sic] that everyone had to move and no one had to pay any

more rent to Annie Bullock.

**<u>ANSWER</u>**

BAC lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 7, and therefore, denies them.  Further answering, BAC specifically

denies any violation of state or federal law, deny that Plaintiff is entitled to any relief, and deny

that Plaintiff has been damaged.


8.      Because she lost the property to foreclosure.  [sic]  Not one time did he ever give

his name when asked he only responded by saying that he was a representative from Bank of

America.

**<u>ANSWER</u>**

BAC lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 8, and therefore, denies them.  Further answering, BAC specifically

denies any violation of state or federal law, deny that Plaintiff is entitled to any relief, and deny

that Plaintiff has been damaged.


9.      One tenant Mrs. Linda Nelson a senior whom resigns [sic] on the property, once

she realized what was taking place she immediately approached the gentleman, and asked for

some kind of documents to prove that he had the right address.  she [sic] also inform [sic] him that Ms. Bullock would have informed the tenants that she no longer owned the building.

**ANSWER**

BAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore, denies them.  Further answering, BAC specifically denies any violation of state or federal law, deny that Plaintiff is entitled to any relief, and deny that Plaintiff has been damaged.

10.    The gentleman then took out the documents from his red truck and exposed the identity of Ms. Bullock which violates her privacy rights and that defendant Bank of America involve a third party who is not an attorney [sic].

**ANSWER**

The allegations contained in Paragraph 10 state conclusions of law and therefore require no response.  To the extent a response is required, BAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore, denies them.  Further answering, BAC specifically denies any violation of state or federal law, deny that Plaintiff is entitled to any relief, and deny that Plaintiff has been damaged.

11.    Which violate the Fair Debt Collection Practice Act [sic], section 1692e provides debtors the "extremely important protection" of prohibiting debt collectors from contacting third parties, including a debtor's employee, relatives (other than the debtor's spouse), friends or neighbors for any purpose other than obtaining "location information."  As stated by the Senate, such contacts are not legitimate collection practices and result in serious invasions of privacy, as

well as loss of job [sic].  Debt collectors cannot communicate a consumer's personal affairs to

third persons.  Contacts with the consumer's relatives, other than the spouse, violate the FDCPA.

West v. Costen, supra, 558 F. Supp. 564 (W.D. Va. 1983).

**ANSWER**

The allegations contained in Paragraph 11 state conclusions of law and therefore require

no response.  To the extent a response is required, BAC admits only that Plaintiff purports to

bring this action as alleged.  Further answering, BAC specifically denies any violation of state or

federal law, deny that Plaintiff is entitled to any relief, and deny that Plaintiff has been damaged.

BAC further states that the FDCPA speaks for itself and is the best evidence of its terms.  Except

as expressly admitted herein, BAC denies all allegations in Paragraph 11.


12.      Mrs. Linda Nelson explained to this person, that her husband and herself had no

where to go, And What [sic] rights did they had [sic].  He also inform [sic] her that his job was to

lockout the building a [sic] that she and the other tenants not to speak to Ms. Bullock and took

several pictures after Which [sic] he left the premises.  Gearing also holds that

misrepresentations are actionable regardless of intent.

**ANSWER**

BAC lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in the first two sentences of Paragraph 12, and therefore, denies them.  The

allegations contained in the third sentence of Paragraph 12 state conclusions of law and therefore

require no response.  To the extent a response is required, BAC admits only that Plaintiff

purports to bring this action as alleged.  Further answering, BAC specifically denies any

violation of state or federal law, deny that Plaintiff is entitled to any relief, and deny that Plaintiff

has been damaged.

13.     The debt collector may not communicate with someone other than the consumer except to Obtain [sic] location information. 15 U.S.C. § 1692b.  In doing so the debt collector must identify himself but not discuss the debt.  This person never identified himself to the residents except as being an employee of Bank of America.

**<u>ANSWER</u>**

The allegations contained in the first and second sentences of Paragraph 13 state conclusions of law and therefore require no response.  To the extent a response is required, To the extent a response is required, BAC admits only that Plaintiff purports to bring this action as alleged.  Further answering, BAC specifically denies any violation of state or federal law, deny that Plaintiff is entitled to any relief, and deny that Plaintiff has been damaged.  BAC further states that the FDCPA speaks for itself and is the best evidence of its terms.  BAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 13, and therefore, denies them.  Further answering, BAC specifically denies any violation of state or federal law, deny that Plaintiff is entitled to any relief, and deny that Plaintiff has been damaged.

14.     After Ms. Linda Nelson returned back into the building, another tenant Ms. Mary Bullock Was [sic] in sock [sic] and very upset about what had just happen [sic], she also explained to Mrs. Nelson that she didn't know exactly who it was that let him in.  Mrs. Nelson that same day called legal aid to Ask, [sic] what is the steps that she need to take in order to keep from being evicted, because her [sic]

**ANSWER**

BAC lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 14, and therefore, denies them.  Further answering, BAC specifically

denies any violation of state or federal law, deny that Plaintiff is entitled to any relief, and deny

that Plaintiff has been damaged.


15.     No Paragraph 15 exists in the Complaint as filed with the Court or served on

BAC.

**ANSWER**

The Complaint, as filed with the Court and served on BAC, does not contain a Paragraph

15.  BAC therefore cannot admit or deny any allegations contained in the missing Paragraph 15,

and so denies them.


16.     No Paragraph 16 exists in the Complaint as filed with the Court or served on

BAC.

**ANSWER**

The Complaint, as filed with the Court and served on BAC, does not contain a Paragraph

16.  BAC therefore cannot admit or deny any allegations contained in the missing Paragraph 16,

and so denies them.


17.     Share information.  [sic] You should also be familiar with the "need to know"

policy for material, nonpublic information and certain other confidential information related to

our corporation consumer.  Bank of America preservation Department whom has contracted

independent contractors' Who, [sic] perform the same type of services on behalf the Bank of America should be in compliance With [sic] the same type of rules.

**ANSWER**

The allegations in Paragraph 17 are vague, ambiguous and imprecise.  BAC cannot, therefore, admit or deny them, and so denies them.


18.     Finally, Plaintiff seek [sic] injunctive relief to prevent recurrence of the challenged conduct, on Behalf of her tenants and herself.  Plus [sic] any punitive damages to assure uniform standards of future servicing of loans and equitable relief and damages for themselves including restitution and disgorgement of fund obtained by the defendants in violation of state and federal laws.

**ANSWER**

The allegations contained in Paragraph 18 state conclusions of law and are introductory and conclusory in nature, and therefore require no response.  To the extent a response is required, BAC admits only that Plaintiff purports to bring this action as alleged.  Further answering, BAC specifically denies any violation of state or federal law, deny that Plaintiff is entitled to any relief, and deny that Plaintiff has been damaged.  Except as expressly admitted herein, BAC denies all allegations in Paragraph 18.


## **"JURISDICTION AND VENUS"**

19.     This Court has jurisdiction over plaintiffs federal claims under RESPA, FDCPA and TILA pursuant to 28 U.S.C. §§ 1331, 1343 and 15 U.S.C. §§ 1692k, 2614, 1640(e).

**ANSWER**

The allegations contained in Paragraph 19 state conclusions of law and therefore require no response.  To the extent a response is required, BAC admits only that Plaintiff purports to bring this action as alleged.  Further answering, BAC specifically denies any violation of state or federal law, deny that Plaintiff is entitled to any relief, and deny that Plaintiff has been damaged. Except as expressly admitted herein, BAC denies all allegations in Paragraph 19.


20.     The Court has jurisdiction over plaintiffs [sic] state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER**

The allegations contained in Paragraph 20 state conclusions of law and therefore require no response.  To the extent a response is required, BAC admits only that Plaintiff purports to bring this action as alleged.  Further answering, BAC specifically denies any violation of state or federal law, deny that Plaintiff is entitled to any relief, and deny that Plaintiff has been damaged. Except as expressly admitted herein, BAC denies all allegations in Paragraph 20.


21.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

**ANSWER**

The allegations contained in Paragraph 21 state conclusions of law and therefore require no response.  To the extent a response is required, BAC admits only that Plaintiff purports to bring this action as alleged.  Further answering, BAC specifically denies any violation of state or federal law, deny that Plaintiff is entitled to any relief, and deny that Plaintiff has been damaged. Except as expressly admitted herein, BAC denies all allegations in Paragraph 21.

22.    Fair Debt Collection Practice Act.  15 U.S.C. § 1692g.

**ANSWER**

The allegations in Paragraph 22 are vague, ambiguous and imprecise.  BAC cannot, therefore, admit or deny them, and so denies them.

## "THE PARTIES"

23.    Annie Bullock a resident of Flossmoor, Illinois whom rental property-secured loan was service [sic] by Defendants [sic] Bank of America a/k/a Countrywide Home Loans.

**ANSWER**

With respect to the allegations contained in Paragraph 1, BAC states only, upon information and belief, that Plaintiff currently resides in Flossmoor, Illinois.  Further answering, BAC states only, upon information and relief that Plaintiff obtained the Loan from Decision One, as secured by the Property on or about November 7, 2006.  The note and mortgage instrument speak for themselves and are the best evidence of their contents.  Further answering, BAC states only that it currently holds the servicing rights for the Loan.  Except as expressly admitted herein, BAC denies all allegations in Paragraph 23.

24.    BAC Home Loans BAC Home Loans Servicing, LP [sic] 100 Beecham Drive Suite 104 Pittsburgh PA  15205.

**ANSWER**

The allegations in Paragraph 24 are vague, ambiguous and imprecise.  BAC cannot, therefore, admit or deny them, and so denies them.

25.     Bank of America [sic]

**ANSWER**

The allegations in Paragraph 25 are vague, ambiguous and imprecise.  BAC cannot, therefore, admit or deny them, and so denies them.

### **"VIOLATIONS"**

26.     Truth in Lending Act 15 U.S.C. § 1639, interest rates disclosure [sic]

**ANSWER**

The allegations in Paragraph 26 are vague, ambiguous and imprecise.  BAC cannot, therefore, admit or deny them, and so denies them.

27.     Federal Home Ownership and Equity Protection Act (HOEPA) 15 U.S.C. § 1639

**ANSWER**

The allegations in Paragraph 27 are vague, ambiguous and imprecise.  BAC cannot, therefore, admit or deny them, and so denies them.

28.     Consumer Fraud and Deceptive Business Practice Act 815A ILCSA 505/2E

**ANSWER**

The allegations in Paragraph 28 are vague, ambiguous and imprecise.  BAC cannot, therefore, admit or deny them, and so denies them.

29.     Fair Dept Collection Practices Act 15 U.S.C. § 1692k

**ANSWER**

The allegations in Paragraph 29 are vague, ambiguous and imprecise.  BAC cannot, therefore, admit or deny them, and so denies them.

30.     Civil Code of Procedure 735 ILCS 5/15-1602 Misleading and Deceptive as well as unfair

**ANSWER**

The allegations in Paragraph 30 are vague, ambiguous and imprecise.  BAC cannot, therefore, admit or deny them, and so denies them.

31.     Due process of law and equal protection under the law pursuant to 14th Amendment Article in the Amendment to the Constitution untrained in law.

**ANSWER**

The allegations in Paragraph 31 are vague, ambiguous and imprecise.  BAC cannot, therefore, admit or deny them, and so denies them.

32.     Illinois Human Rights Act 775 ILCS 5/2-102

**ANSWER**

The allegations in Paragraph 32 are vague, ambiguous and imprecise.  BAC cannot, therefore, admit or deny them, and so denies them.

33.     Fair Housing Act and National Housing Act (NHA) 12 U.S.C. 171U, 12 U.S.C. 1735f-14(a)(2) and 12 U.S.C. 1735f-14(b)(1).

**ANSWER**

The allegations in Paragraph 33 are vague, ambiguous and imprecise.  BAC cannot, therefore, admit or deny them, and so denies them.


34.    Wherefore, Plaintiffs request that this court certify a class pursuant to Fed. R. Civ. P. 239(b)(1), (2) and/or (3) [sic] and award

1.  Actual, special and general damages according to proof;

2.  Statutory damages and penalties;

3.  Restitution and disgorgement according to proof;

4.  Injunctive relief against Defendants to ensure uniform standards of servicing conduct and to prevent future wrongful conduct;

5.  Prejudgment interest at the maximum legal rate

6.  Punitive, exemplary and enhanced damages according to proof;

7.  An accounting;

8.  Declaratory Judgment to correct the wrong inflict;

9.  Litigation Expenses and Costs of proceeding herein;

10. All such other and further relief as the Court deems just.

**ANSWER**

In response to the prayer for relief contained in Paragraph 34 of the Complaint, BAC denies that Plaintiff or any of putative class members are entitled to judgment against BAC (or any relief sought.  Further answering, BAC specifically denies that class certification is appropriate in this case, to the extent that Plaintiff seeks to certify a class.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because she suffered no actual damages as a result of the actions alleged in the Complaint.

### SECOND DEFENSE

Recovery is barred or limited by all exceptions, exclusions, limitations and defenses contained in the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.*, including but not limited to, the fact that BAC's alleged conduct was not intentional and resulted from a bona fide error; that BAC acted in good faith; and that liability and relief would be limited under the FDCPA, including but not limited to all exclusions or exceptions to liability and the limitations on total awards available under the FDCPA in the case of a class action, as set forth in 15 USC § 1692k.

### THIRD DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### FOURTH DEFENSE

Plaintiff's claim for statutory damages is not appropriate based on the violations alleged.

### FIFTH DEFENSE

Plaintiff's claim for punitive damages is not appropriate based on the violations alleged.

### SIXTH DEFENSE

Some or all of the claims the absent putative class members are or may be barred by principles of *res judicata*, collateral estoppel, claim preclusion, judgment or similar concepts.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by unclean hands, estoppel and other equitable doctrines.

## EIGHTH DEFENSE

This case is not appropriate for certification as a class action, and all class allegations and class claims should be dismissed.

## NINTH DEFENSE

This Court should not exercise any jurisdiction, discretion and power it has to enter any relief for the members of the putative class, based on considerations of comity, equity and justice.

## TENTH DEFENSE

Some or all of the claims in this case are or may be barred by release, estoppel, waiver, and/or ratification.

## ELEVENTH DEFENSE

With respect to absent class members, BAC reserves all affirmative defenses, including but not limited to the defenses of personal jurisdiction and/or the defenses that some or all of the putative class members have no right to assert claims under the FDCPA, and/or their claims may be barred by the principles of *res judicata*, collateral estoppel, claim preclusion, judgment or similar concepts.

## TWELFTH DEFENSE

BAC hereby gives notice that it intends to rely on such other and further defenses as may become available or apparent during discovery proceedings in this case, and it hereby reserves the right to assert such defenses.

WHEREFORE, BAC Home Loans Servicing, L.P. respectfully requests that judgment be entered in its favor and against Plaintiff, that the action be dismissed in its entirety with prejudice, and that BAC Home Loans Servicing, L.P. be awarded its costs, including an award of reasonable attorneys' fees, in addition to such other and further relief deemed just and appropriate by this Court.

Respectfully submitted,

BAC HOME LOANS SERVICING L.P.,

By its attorney,


/s/ Brooks R. Brown
Brooks R. Brown
GOODWIN PROCTER LLP
10250 Constellation Boulevard, 21st Floor
Los Angeles, CA 90067
310.788.5100 (phone)
310.286.0992 (facsimile)
bbrown@goodwinprocter.com

Dated: March 29, 2010

## PROOF OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 29th day of March, 2010.

/s/ Brooks R. Brown
Brooks R. Brown